Thomas J. Anton, Esq., SBN 060450
Stephen P. Wainer, Esq., SBN 156197
THOMAS ANTON & ASSOCIATES
1600 "G" Street
P. O. Box 2127
Bakersfield, California 93301-2127
Telephone: (661) 327-7051
Facsimile: (661) 327-4755

Attorneys for Defendant
ELCO Filtration & Testing, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| **Davis-Lynch, Inc.** | No.: 1:05-CV-668-REC-DLB |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT; ORDER** |
| v. | |
| **Elco Filtration & Testing, Inc.** | |
| Defendant. | |

IT IS HEREBY STIPULATED by the parties to this action, DAVIS-LYNCH, INC.. ("Plaintiff"), and ELCO FILTRATION AND TESTING INC. ("Defendant") that:

WHEREAS, Plaintiff has subpoenaed certain documents from Occidental of Elk Hills, Inc. ("Occidental") relating to billing invoices and sales receipts from Elco Filtration and Testing Inc. to Occidental Petroleum regarding the sales of any Davis-Lynch products for the time period November 2003 through the end of 2004 (the "Occidental Documents").

WHEREAS, in response to the subpoena, Occidental has advised that it does not have the ability to segregate billing invoices and sales receipts from Elco that contain Davis-Lynch products, if any, from those Elco invoices containing products from other manufacturers, and therefore Occidental intends to produce all Elco billing invoices for the time period referenced above.

WHEREAS, Elco considers Elco's pricing information for Elco's wellhead equipment to

be proprietary, and therefore desires to protect the confidentiality of that pricing information,

THEREFORE, the parties stipulate to the following:

1. The Occidental Documents produced in response to the subpoena of Davis-Lynch shall not be used or disclosed except as expressly permitted hereunder. By agreeing to this Stipulation, Defendant does not waive any privilege claim with respect to the use of the Occidental Documents and the information therein outside of this litigation.

2. The parties agree that use of the Occidental Documents must be for the purposes of this litigation only. The parties may also make one set of copies of the Occidental Documents for each consultant it has retained who intends to rely upon these documents in the formation of their opinions in this case. The parties may also make copies of the Occidental Documents for use as deposition exhibits and/or trial exhibits, but those copies must be kept under seal if filed with the court, unless the parties agree that the document may be filed without placing same under seal, and are subject to the same distribution limitations as the Occidental Documents themselves. No other photocopies or reproductions of any kind may be made by anyone of any of the Occidental Documents.

3. Neither the Occidental Documents themselves nor information within these documents may be transmitted to any individual or entity not directly involved in this litigation. Those "directly involved in this litigation" include the parties, the parties' attorneys, the employees of the parties' attorneys, the expert consultants retained by the parties, and the employees of those experts consultants. Defendant requires that the Occidental Documents remain in the possession of Plaintiff's counsel after the conclusion of the litigation until such time as the Occidental Documents are destroyed.

4. The provisions of this Order and the obligation to retain the confidentiality of the Occidental Documents produced hereunder, absent written permission of the producing party, or further Order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

```
1
2   Dated: 1/19/07                              COLEMAN & HOROWITT, LLP
3                                                    /s/ Laurence Y. Wong
4                                               By:_____
5                                                    LAURENCE Y. WONG, Esq.
6                                               Attorneys for Plaintiff
7
8
9   Dated: 1/19/07                              THOMAS ANTON & ASSOCIATES
10                                                   Stephen P. Wainer
11                                              By:_____
12                                                   STEPHEN P. WAINER, Esq.
13                                              Attorneys for Defendant
14
15
16  IT IS SO ORDERED.
17
    3b142Dated:    January 22, 2007            _____/s/ Dennis L. Beck_____
18                                              UNITED STATES MAGISTRATE JUDGE
```

3